# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WEST VIRGINIA UNITED HEALTH SYSTEMS, INC.,**
**Employer Below, Petitioner**

**FILED**
**December 27, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-386**          (JCN: 2022024512)

**MICHAEL JORDAN,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner West Virginia United Health Systems, ("WVUHS") appeals the July 31, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Michael Jordan filed a response.[1] WVUHS did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order, which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Jordan injured his left shoulder on March 8, 2022, and he was seen at Mon Health Medical Center Emergency Department on the same day. He did not report any specific occupational injury, but he did note that he developed shoulder pain while working, although he also noted that he had previous shoulder issues.[2] Mr. Jordan was diagnosed with arthropathy of the left shoulder and cervical spine degeneration.

On April 6, 2022, Mr. Jordan was seen by Chad Micucci, M.D., for an evaluation of his left shoulder. Mr. Jordan reported that his left shoulder had been bothering him since March 8, 2022, when he was lifting something heavy at work. He reported that the shoulder would lock up on him and that he had a lot of pain. Mr. Jordan stated that he had some

---

[1] WVUHS is represented by H. Dill Battle III, Esq. Mr. Jordan is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

[2] We note that all previous shoulder symptoms appear to have involved Mr. Jordan's right shoulder as all pre-injury medical records submitted into the record reference only his right shoulder.

issues with his shoulder in the past and he had received treatment for his right shoulder in 2015. Mr. Jordan underwent an x-ray of his left shoulder on April 20, 2022, revealing mild glenohumeral and acromioclavicular degenerative arthrosis.

A CT arthrogram of Mr. Jordan's left shoulder was performed on May 16, 2022, revealing a tear of the posterior superior glenoid labrum with posterior capsular stripping/tear, full-thickness tear of the rotator cuff, a strain of the deltoid muscle, mild degenerative joint disease of the acromioclavicular and glenohumeral joints, and diminished coracohumeral interval.

On May 19, 2022, Mr. Jordan was seen by Justin Lockrem, M.D., for left shoulder pain. Dr. Lockrem diagnosed Mr. Jordan with left shoulder pain, traumatic complete tear of the left rotator cuff, and left biceps tendonitis. Dr. Lockrem recommended reverse total shoulder surgery and referred Mr. Jordan to George Bal, M.D., for a surgical consultation.

Two Reports of Injury were submitted by Mr. Jordan - one dated July 26, 2022, and the other dated August 10, 2022. Both reports indicate that Mr. Jordan suffered an occupational injury. In the July 26, 2022, report, Mr. Jordan indicated that he was lifting a tray of dirty pots and pans to be washed when he felt spasms in his left arm and shoulder. On August 24, 2022, the claim administrator issued an order rejecting the claim, as a review of the medical records revealed no discrete new injury. Mr. Jordan protested the order to the Board.

On August 25, 2022, Mr. Jordan was seen by Dr. Bal for a surgical consultation. Mr. Jordan stated that he continued to have a significant amount of left shoulder pain; that the left shoulder was causing significant issues with activities of daily living; that he was not able to do any lifting, pushing, or pulling activities due to pain in the left shoulder; that the pain woke him up on a regular basis and he had difficulty getting comfortable at night; and that he completed physical therapy on June 15, 2022, and June 29, 2022, but it was discontinued by his physical therapist as it was making him significantly worse. Dr. Bal recommended a left reverse total shoulder arthroplasty, which he later performed on Mr. Jordan on October 26, 2022.

Mr. Jordan was deposed on December 13, 2022. He testified that he was washing pots and pans and picked up a pot filled with water to move it from one sink to another when he experienced intense pain and spasms in his left shoulder. Mr. Jordan stated that he notified his supervisor immediately when the injury occurred and then he went to the ER. He testified that he did not know that he had to fill out a Report of Injury to initiate a workers' compensation claim. Mr. Jordan stated that he required surgery, but that it was delayed due to the insurance coverage issues. He testified that he did undergo surgery on October 26, 2022.

On July 31, 2023, the Board issued an order reversing the claim administrator's order, which rejected the claim. The Board found that Mr. Jordan had established that he suffered a discrete new injury in his left shoulder. WVUHS now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, WVUHS argues that the Board erred in ignoring clear evidence that Mr. Jordan did not sustain a personal injury in the course of and resulting from his employment. WVUHS further argues that the Board erred in its reliance on Mr. Jordan's "self-serving deposition testimony," rather than the medical evidence. We disagree.

In *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), the Supreme Court of Appeals of West Virginia held:

[a] noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Gill* at 738, 783 S.E.2d at 858, syl. pt. 3.

In *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022), the Supreme Court clarified its position, holding, "[a] claimant's disability will be presumed

to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards." *Moore* at 294, 879 S.E.2d at 781, syl. pt. 5.

This Court held in *Blackhawk Mining, LLC, v. Argabright*, __ W. Va. __, __ S.E.2d __, 2023 WL 3167476, at *3 (2023), that although a preexisting injury may be aggravated or exacerbated by a discrete new injury, the preexisting injury itself does not become a compensable injury; only the discrete new injury can be held compensable.

Here, the Board found that, although Mr. Jordan had preexisting right shoulder issues, there was no evidence that his left shoulder was symptomatic prior to the workplace injury. The Board analyzed the claim under *Gill*, *Moore*, and *Argabright*, and found that Mr. Jordan had established that he suffered a compensable discrete new injury in his left shoulder. The Board further found that additional evidence was required to determine the compensable diagnosis in this claim and, thus, remanded the claim to the claims administrator to refer Mr. Jordan for a medical evaluation in order to determine the appropriate compensable diagnosis.

Upon review, we conclude that the Board was not clearly wrong in determining that this claim is compensable for a left shoulder injury and remanding to the claim administrator for a determination of the compensable diagnosis. Further, we find that the Board was not clearly wrong in finding that the fact that Mr. Jordan has experienced similar symptoms in the right shoulder in the past does not preclude him from maintaining a compensable workers' compensation claim for his left shoulder.

Accordingly, we affirm the Board's July 31, 2023, order.

Affirmed.

**ISSUED:** December 27, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr

4